IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
ALFRED J. DORSEY            )
                            )
         Petitioner,        )
                            )
v.                          )      Civil Action No. 04-1327-SLR
                            )
THOMAS CARROLL,             )
Warden,                     )
                            )
         Respondent.        )
```

Alfred J. Dorsey.  Pro se petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondent.

MEMORANDUM OPINION

October 18, 2005
Wilmington, Delaware

ROBINSON, Chief Judge

I. INTRODUCTION

Presently before the court is petitioner Alfred J. Dorsey's ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2; D.I. 3) Petitioner is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. For the reasons that follow, the court will dismiss his application.

II. FACTUAL AND PROCEDURAL BACKGROUND

In January 2003, a Sussex County grand jury indicted petitioner on one count of racketeering (11 Del. C. Ann. § 1503), two counts of second degree criminal solicitation (11 Del. C. Ann. § 502), one count of trafficking 5 to 50 grams of cocaine (16 Del. C. Ann. § 4753A(a)(2)(a)), one count of possession with intent to deliver cocaine (16 Del. C. Ann. § 4751), and one count of second degree conspiracy (11 Del. C. Ann. § 512). On June 6, 2003, petitioner pled "no contest" to racketeering and conspiracy, in exchange for which the prosecution dismissed the balance of the indictment. The Superior Court sentenced him to a total of 8 years at Level V incarceration, suspended after 2 years for decreasing levels of supervision. Petitioner did not appeal his sentence.

On February 24, 2004, petitioner filed in the Superior Court a motion for state post-conviction relief pursuant to Delaware

Superior Court Criminal Rule 61. This Rule 61 motion alleged that his "no contest" plea was involuntary and unintelligent because defense counsel provided ineffective assistance of counsel by: (1) failing to file a motion to suppress evidence obtained through a wiretap; and (2) failing to file a motion to dismiss the indictment. The Superior Court denied the Rule 61 motion, and petitioner did not appeal.

In June 2004, petitioner filed in the Superior Court a petition for the writ of habeas corpus. The Superior Court denied the petition, petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision. Dorsey v. State, 862 A.2d 385 (Table), 2004 WL 2743579 (Del. Nov. 18, 2004). Petitioner also filed a petition for the writ of habeas corpus directly in the Delaware Supreme Court, which that court denied on August 24, 2004. In re Petition of Dorsey, 858 A.2d 960 (Table), 2004 WL 1965336, at **1 (Del. Aug. 24, 2004).

Petitioner's application asserts one claim for federal habeas corpus relief: his "no contest" plea was not knowing and voluntary because of his counsel's ineffective assistance in failing to file a motion to suppress the wiretap evidence. (D.I. 2; D.I. 3)

The State contends that petitioner procedurally defaulted this claim at the state court level and, therefore, asks the court to dismiss the application as procedurally barred. (D.I.

2

10)

Petitioner's habeas application is ready for review.

## III. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." Woodford v. Garceau, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA increases the deference federal courts must give to state court decisions, primarily by imposing procedural requirements and standards "in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002); see Woodford, 538 U.S. at 206.

### B. Exhaustion and Procedural Default

Before seeking habeas relief from a federal court, a petitioner in custody pursuant to a state court judgment must exhaust all remedies available in the state courts. As stated in AEDPA:

3

>An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>(A) the applicant has exhausted the remedies available in the courts of the State; or
>
>(B)(i) there is an absence of available State corrective process; or
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). To satisfy this requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997)(citations omitted); Coverdale v. Snyder, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). Fair presentation also requires the petitioner to raise the claim in a procedural context in which the state courts can consider it on the merits. Castille v. Peoples, 489 U.S. 346, 351 (1989).

If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, the federal court will excuse the failure to exhaust and treat the claims as exhausted. Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991); Lines, 208 F.3d at 160.

A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of

constitutional dimensions." Id. at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, Bousley v. United States, 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. Sweger v. Chesney, 294 F.3d 506, 522-24 (3d Cir. 2002).

## IV. DISCUSSION

In his sole habeas claim, petitioner contends that defense counsel provided ineffective assistance by failing to file a motion to suppress illegally obtained wiretap evidence. The State correctly acknowledges that petitioner's ineffective assistance of counsel claim is cognizable in this federal habeas proceeding, even though the underlying Fourth Amendment claim does not state a claim cognizable on federal habeas review. Kimmelman v. Morrison, 477 U.S. 365, 382 (1986).

In the instant situation, petitioner appears to believe that

he exhausted state remedies by presenting this claim to the Delaware Superior Court in a petition for the writ of habeas corpus, and then appealing that court's denial of the claim to the Delaware Supreme Court.[1]  It is well-settled that the presentation of claims to the state courts by improper procedural methods does not exhaust state remedies.  Castille, 489 U.S. at 351.  Here, both the Superior Court and the Delaware Supreme Court refused to review the merits of the instant claim because it was improperly raised in a petition for the writ of habeas corpus.  See D.I. 13, Exh. E to Motion to Affirm, No. 318, 2004: Letter Order Re: Def. ID#03010064300 (Del. Super. Ct. June 10, 2004);  Dorsey v. State, 2004 WL 2743579, at **1;  see also Truitt v. State, 682 A.2d 627 (Table), 1996 WL 376943 at **1 (Del. Jul. 2, 1996)(noting that "Rule 61 has supplanted state habeas corpus proceedings and is now the exclusive means of pursuing postconviction relief");  Smith v. State, 679 A.2d 469 (Table), 1996 WL 266022, at **1 (Del. May 15, 1996)(affirming the Superior Court's denial of Smith's ineffective assistance claim because ineffective assistance of counsel is not a proper subject

---

[1] Petitioner also filed a petition for the writ of habeas corpus directly in the Delaware Supreme Court.  This petition, however, did not raise the instant federal habeas claim. Further, the Delaware Supreme Court summarily dismissed the petition because it did not have original jurisdiction over the matter.  In re Petition of Dorsey, 858 A.2d 960 (Table), 2004 WL 1965336, at **1 (Del. Aug. 24, 2004).  Therefore, for the same reasons explained in the text accompanying this footnote, this state habeas petition did not exhaust state remedies.

for habeas corpus review). Therefore, petitioner did not exhaust state remedies in this manner.

Petitioner also presented his ineffective assistance of counsel claim to the Delaware Superior Court in a Rule 61 motion. See D.I. 13, Exh. E to Motion to Affirm, No. 318, 2004: Letter Order Re: Def. ID#03010064300 (Del. Super. Ct. June 10, 2004). Although a Rule 61 motion is the correct procedural vehicle by which to raise an ineffective assistance of counsel claim, petitioner did not appeal the Superior Court's denial of the claim to the Delaware Supreme Court. Consequently, he still has failed to exhaust state remedies.

Any attempt now by petitioner to appeal the Superior Court's denial of his Rule 61 motion would be time-barred. See Del. Supr. Ct. R. 6(a)(iii)(imposing 30 day period in which timely file a post-conviction appeal). Further, if petitioner attempted to file a new Rule 61 motion in the Superior Court raising the same claim in order to appeal the denial of such motion to the Delaware Supreme Court, the motion would be denied under Superior Court Criminal Rule 61(i)(4) as formerly adjudicated. Thus, state procedural rules foreclose further state court review of this claim.

Because further state review is foreclosed, the court must excuse petitioner's failure to exhaust state remedies, and treat the claim as exhausted. Nevertheless, this claim is still

procedurally defaulted, and the court cannot review its merits absent a showing of cause for the default and prejudice resulting therefrom, or that a miscarriage of justice will result if the court refrains from reviewing it.

Petitioner does not allege, and the court cannot discern, that any external impediment prevented him from appealing the denial of his Rule 61 motion. Even if petitioner's failure to file such an appeal was due to his erroneous understanding of Delaware's post-conviction procedures, this mistake does not constitute cause for his procedural default. See Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002)("Generally, 'cause' cannot be based on the mere inadvertence of the petitioner or petitioner's counsel to take an appeal").

Petitioner's failure to demonstrate cause eliminates the court's need to address the issue of prejudice. Additionally, petitioner has not attempted to demonstrate that he is "actually innocent," thereby failing to trigger the miscarriage of justice exception to the procedural default doctrine. See Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004)(holding that, in order to establish actual innocence sufficient to demonstrate a miscarriage of justice, a petitioner must assert "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.").

Accordingly, the court will dismiss petitioner's application because he has failed to provide any reason to excuse the procedural default of his federal habeas claim.

## V.  CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. See Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack, 529 U.S. at 484.

For the reasons stated above, the court concludes that federal habeas review of petitioner's application is barred due to his procedural default in the state courts. Reasonable jurists would not find these conclusions unreasonable.

Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## VI.  CONCLUSION

For foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254.

An appropriate order will be entered.